UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at Pikeville)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | Criminal Action No. 7: 15-10-DCR |
| V. | ) | |
| ROY DEAN PRATT, | ) | **MEMORANDUM ORDER** |
| Defendant. | ) | |

\*\*\*\* \*\*\*\* \*\*\*\* \*\*\*\*

Defendant Roy Dean Pratt was sentenced to a 320-month term of imprisonment on March 3, 2016, following his conviction for one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). [Record No. 39] Pratt's Indictment included a forfeiture allegation consisting of eight firearms and miscellaneous ammunition. [Record No. 1]

The United States undertook an administrative forfeiture proceeding for the firearms and ammunition during the pendency of the criminal action pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461. The guidelines for such proceedings are prescribed by statute, codified at 18 U.S.C. § 983. Pursuant to the statutory requirement, notice of the seizure and administrative forfeiture proceeding was sent to the defendant, both at his residential address and his place of incarceration. Notice was also sent to Sandra Dyer, who resided with the defendant. [Record Nos. 53-1, 53-2, 53-3] The United States also published notice of the

seizure and intent to forfeit, as required by statute. [Record No. 53-4] Receiving no claim for the property, the property was declared forfeited on February 17, 2016. [*Id.*]

On April 24, 2017, Sandra Dyer submitted a letter claiming ownership of the forfeited items, which the Court construed as a motion. [Record No. 51] The United States responded to Dyer's claim/motion on May 9, 2017. [Record Nos. 52, 53] For the reasons explained in the United States' response, Dyer's motion will be denied.

For purposes of forfeiture proceedings, due process requires that the government's effort be "reasonably calculated" to apprise a party of the pendency of the action. Nothing more is required. *Dusenbery v. United States*, 534 U.S. 161, 170 (2002). By statute, any person who is entitled to written notice in a non-judicial civil forfeiture proceeding and does not receive such notice may file a motion to set aside the declaration of forfeiture. 18 U.S.C. § 983(e). Here, however, the government provides documentary evidence that Dyer actually received notice of the intended forfeiture. Therefore, the statute does not authorize Dyer's motion. Having failed to object to the forfeiture upon receipt of notice, Dyer is without further remedy to challenge the forfeiture, and the Court lacks jurisdiction to consider her claim.

Dyer does not contend that she did not receive actual notice of the intended forfeiture. On this record, however, it would make no meaningful difference. "Reasonable notice . . . requires only that the government attempt to provide actual notice; it does not require that the government demonstrate that it was successful in providing actual notice." *Mesa Valderrama v. United States*, 417 F.3d 1189, 1197 (11th Cir. 2005). Because the Court is satisfied that the government has taken appropriate steps to provide actual notice (*via* signed delivery to the movant), the inquiry necessarily ends. *See id.* at 196 ("The only issue this court can consider

is whether Mesa received the appropriate notice in sufficient time to contest the agency's action of summarily forfeiting the check.")  Because the government's actions comported with both the statutory requirements and due process, Dyer is not entitled to the relief she seeks.

Being sufficiently advised, it is hereby

**ORDERED** that movant Sandra Dyer's motion for return of forfeited property [Record No. 51] is **DENIED**.  The Clerk of Court shall forward a copy of this Order to the movant at her address on file.

This 11th day of May, 2017.

Signed By:
*Danny C. Reeves* DCR
United States District Judge