UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at Pikeville)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Criminal Action No. 7:15-10-DCR-CJS |
| Plaintiff, ) | and |
| ) | Civil Action No. 7:18-100-DCR-CJS |
| v. ) | |
| ) | **REPORT AND** |
| ROY DEAN PRATT, ) | **RECOMMENDATION** |
| ) | |
| Defendant. ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

This matter is before the Court on Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (R. 61) filed by Defendant Roy Dean Pratt. The United States has filed its Response (R. 67) and Defendant has filed his Reply. (R. 69). Having all relevant documents before the Court, this matter is now ripe for consideration and preparation of a Report and Recommendation pursuant to 28 U.S.C. § 636(b). For the reasons set forth below, it will be **recommended** that Defendant's § 2255 Motion (R. 61) be **denied.**

I.    **PROCEDURAL BACKGROUND**

On April 1, 2015, the Kentucky State Police were informed a large number of people had been observed visiting the Hindman, Kentucky residence of Sandra Dyer, Defendant's girlfriend. (R. 41 at 3, ¶ 3). In response, the State Police began surveilling the home, during which they observed and videotaped a suspected drug transaction. (*Id*.). On April 7, 2015, the State Police executed a search warrant at the residence and located eight firearms. (*Id*. at 3-5, ¶¶ 1, 4-5). In its decision rendered on Defendant's direct appeal, the Sixth Circuit described the circumstances as follows:

Pratt answered when the officers arrived at the back door. His girlfriend, Sandra Dyer, was also inside. Upon searching the bedroom to the right of the back door, the officers discovered a large gray, opened safe containing six firearms---four Henry rifles, a Rossi rifle, and a Remington shotgun---as well as ammunition. They also found a 12-gauge shotgun leaning up against the outside of that safe. The officers then spotted a small, brown or tan locked safe, which contained a Hi-Point 9-millimeter pistol. All told, the KSP seized eight fully functioning guns from that bedroom.

Nearby, Pratt spoke with some of the officers. Although his ID listed his residence elsewhere, Pratt told the police that he had lived at the home with Dyer for "anywhere between five and six years." He also explained that he and Dyer kept the loaded 12-gauge shotgun sitting beside the bed "for protection." He further described several of the other guns in the bedroom in detail, including their caliber and make. Finally, he mentioned that he and Dyer were holding the Hi-Point 9-millimeter pistol in the small brown or tan safe for a man named Jarrod Williams.

(R. 55 at 1-2); *United States v. Pratt,* 704 F. App'x 420 (6th Cir. 2017).

Prior to the date the search warrant was executed, Pratt had been convicted of multiple felonies, including trafficking in a controlled substance and facilitation to commit robbery. (R. 41 at 3, 8-9, 12, ¶¶ 1, 37-39, 49; *see* R. 13). On September 10, 2015, a federal grand jury returned an Indictment in the case at bar, charging Pratt with one count of being a felon in possession of firearms, in violation of 18 U.S.C. § 922(g)(1). (R. 1). On September 25, 2015, Pratt appeared for an initial appearance and arraignment on the Indictment and entered a plea of not guilty. (R. 8). Jury trial in the case began on November 30, 2015 and concluded on December 2, 2015. (R. 26; R. 27; R. 28). The jury found Defendant guilty of being in possession of a firearm after having been previously convicted of a felony offense. (R. 32).

Following Defendant's trial and prior to his sentencing hearing, the Probation Office prepared a Presentence Investigation Report ("PSIR"). (R. 41). The PSIR contained an extensive analysis of Defendant's background, including his criminal history. The PSIR also reflected that in light of being convicted of violating 18 U.S.C. § 922(g)(1), and in light of having three prior convictions for a violent felony or serious drug offense, Defendant qualified as an armed career

criminal subject to the statutory ACCA enhancement of a minimum mandatory term of imprisonment of 15 years and maximum term of life pursuant to 18 U.S.C. § 924(e).[1]  (R. 41 at 6, ¶ 28; at 25, ¶ 97).

The Probation Officer also determined Pratt's sentencing range under the United States Sentencing Guidelines ("U.S.S.G.") (R. 41 at 6, ¶¶ 21-30), after calculating his total offense level and his criminal history category (R. 41 at 14, ¶¶ 51-53).  Initially the Probation Officer calculated an adjusted offense level of 32 (*id.* at 6, ¶ 27) given a base offense level of 24 pursuant to § 2K2.1(a)(2) (*id.* at 6, ¶ 21), increased by 4 levels per § 2K2.1(b)(1)(B) for having eight firearms (*id.* at 6, ¶ 22) and increased by another 4 levels per § 2K2.1(b)(6)(B) for possessing the firearms in connection with the felony offense of suboxone trafficking (*id.* at 6, ¶ 23).  But while an adjusted offense level of 32 was calculated, the PSIR goes on to note that, in Pratt's circumstances, the armed career criminal guideline § 4B1.4 applied, specifically § 4B1.4(b)(3)(A) for possessing firearms in connection with the controlled substance offense of suboxone trafficking, thereby resulting instead in an offense level of 34 (*id.* at 6, ¶ 28) as well as a criminal history category of VI pursuant to § 4B1.4(c)(2) (*id.* at 14, ¶ 53).  This total offense level of 34 and category VI criminal history resulted in a Sentencing Guidelines range of 262 to 327 months. (*Id.* at 25, ¶ 98).

Defendant, through counsel, submitted Objections to the PSIR.  (*Id.* at 32-33).  Among them, counsel objected to application of § 2K2.1(b)(6)(B), the 4 level increase for possessing the

---

[1] Prior to the trial, the Government had filed a Notice Regarding Enhanced Statutory Punishment, setting forth Pratt's five prior felony convictions which, the Government argued, subjected Pratt to enhanced statutory punishment under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), if he were convicted of violating 18 U.S.C. § 922(g)(1).  (R. 13).  Ordinarily a person convicted of violating 18 U.S.C. § 922(g)(1) would face a potential statutory penalty of imprisonment of not more than 10 years pursuant to 18 U.S.C. § 924(a)(2).  However, "[i]n the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another," that person faces an increased potential statutory penalty of imprisonment of not less than 15 years pursuant to 18 U.S.C. § 924(e)(1).

firearms in connection with the felony offense of suboxone trafficking,[2] and § 4B1.4(c)(2), the criminal history category VI assessed under the armed career criminal guideline again for possessing the firearms in connection with a controlled substance offense.  Defense counsel argued that because Pratt was not charged with a controlled substance offense, nor was "a firearm [ ] used in connection" with drug trafficking (R. 41 at 33), the 4 level increase to his base offense level was not appropriate and his criminal history category should have been calculated as V, per his criminal history score of 12 (R. 41 at 14, ¶ 52; at 33).   In Defendant's Memorandum filed prior to sentencing, counsel also argued that U.S.S.G. § 4B1.4(b)(3)(A), which placed Pratt's offense level at a 34, was inapplicable to Pratt's calculations under the Sentencing Guidelines. (R. 35).  Instead, counsel argued § 4B1.4(b)(3)(B) should be used and would place Pratt's offense level at a 33. (*Id.*).  Finally, counsel argued in the sentencing memorandum that Pratt's criminal history category should be IV pursuant to § 4B1.4(c)(3) and that, with a 33 offense level and category IV criminal history, the sentencing range for the Court's consideration would have been 188 to 235 months.

On March 3, 2016, Pratt appeared with counsel for sentencing.  (R. 37).  Counsel argued Pratt's position with respect to the Sentencing Guidelines calculations, and the Court overruled the Objections.  (R. 46, at 9-17).  The Court also found that Defendant had four qualifying convictions to support Pratt's classification as an armed career criminal under 18 U.S.C. § 924(e).  (*Id*. at 4-5; *see* R. 41 at 7-8, 12, ¶¶ 37-39, 49).  Specifically, the Court found Pratt had three trafficking in a controlled substance first degree convictions, and a facilitation to commit robbery first degree conviction, which qualified Pratt for the statutory enhancement of the ACCA. (R. 46 at 4-5; *see* R. 41 at 7-8, 12, ¶¶ 37-39, 49).  The Court found U.S.S.G. §§ 4B1.4(b)(3)(A) and (c)(2) to be

---

[2] However, in the objections defense counsel also acknowledged that this guideline may have no effect on Pratt's offense level based upon "the Chapter 4 enhancement assessed because of the defendant being an armed career criminal." (R. 41 at 33).

4

applicable in calculating Pratt's Guidelines range and, with an offense level of 34 and criminal history category VI (R. 46 at 17-18), his resulting Sentencing Guidelines range was 262 to 327 months. (*Id.* at 19). The Court considered the sentencing factors of 18 U.S.C. § 3553 and sentenced Pratt to 320 months in prison followed by a 3-year term of supervised release. (*Id.* at 34).

Pratt appealed and the Sixth Circuit affirmed the conviction and sentence on July 26, 2017. *See United States v. Pratt*, 704 F. App'x 420 (6th Cir. 2017); (*See* R. 55). There is no evidence Defendant petitioned for writ of certiorari. On September 14, 2018, Pratt filed the pending § 2255 Motion. (R. 61). In his Motion, Pratt challenges the application of the ACCA statutory enhancement and his Sentencing Guideline calculations. (R. 61 at 3; R. 61-1 at 6-8). Pratt also alleges several ineffective assistance of counsel claims. (R. 61 at 3; *see* R. 61-1). Specifically, Pratt asserts the following claims of ineffective assistance of counsel: 1) counsel failed to investigate relevant evidence and the charges brought against him during the pretrial phase; 2) during trial, counsel failed to object, request to strike, or confer with him regarding trial strategy; refused to allow a witness with exonerating evidence to testify at trial; and withheld a sworn affidavit from the jury that would have changed the outcome of the trial; and 3) counsel failed to object to the application of the ACCA statutory enhancement at sentencing and the use of certain Sentencing Guidelines to calculate his Guidelines range. (R. 61-1 at 3-6; *see* R. 69 at 2).

## II.    ANALYSIS

### A.    Non-ineffective assistance of counsel claims

Pratt's first ground for relief in his § 2255 Motion challenges the application of the ACCA statutory sentence enhancement and his Sentencing Guidelines calculations.[3] (R. 61 at 3; R. 61-1

---

[3] Pratt places these arguments under the title "Improper Guideline Application," arguing that he does not have three "prior predicate offenses to enhance the Petitioner under the Armed Career Criminal Act (ACCA)." (R. 61-1 at 6). He avers that because he does not have three predicate offenses, the "ACCA guideline application improperly applied to the Petitioner." (*Id.* at 7). Although Pratt places this argument

at 6-7). In his Motion, Pratt contends that three of the convictions used to qualify him for sentencing under the ACCA should have been treated as one qualifying conviction pursuant to U.S.S.G. § 4A1.2(a)(2) and, thus, he did not have the requisite three qualifying convictions as required to apply the enhanced penalty. (R. 61-1 at 6). Pratt also argues those prior drug convictions are not predicate offenses under the ACCA because he was sentenced to probation rather than incarceration. (*Id*.). They should also be excluded, argues Pratt, because the convictions were expunged upon completion of probation. (*Id*. at 6-7). Finally, Pratt maintains that because "he was not convicted, or even charged with a drug trafficking offense" during the course of this case, certain subsections of the armed career criminal section of the Sentencing Guidelines, § 4B1.4, were mistakenly used to calculate his Sentencing Guidelines range. (*Id*. at 7).

### 1.    Claims appealed to the Sixth Circuit may not be relitigated.

Prior to filing his current § 2255 Motion, Pratt filed an appeal to the Sixth Circuit challenging the application of the ACCA statutory enhancement to his sentence and his Sentencing Guidelines calculations. *Pratt*, 704 F. App'x at 427-29; (*See* R. 55). On direct appeal, he argued that his three prior drug convictions no longer qualified as predicate offenses under the ACCA because the statute he was convicted under was revised after his convictions, and, as a result, the state convictions no longer fit the definition of "serious drug offense" under the ACCA statutory enhancement. *Pratt,* 704 F. App'x at 428; *see* 18 U.S.C. § 924(e)(2)(A)(ii); (R. 55 at 12-13).

As for the Sentencing Guidelines, Pratt contested the calculation of his offense level and criminal history category using U.S.S.G. § 4B1.4(b)(3)(A) and (c)(2), which increased his offense level to 34 and his criminal history category to VI. *Pratt,* 704 F. App'x at 429; (R. 55 at 14). He

---

under the heading of a Sentencing Guidelines challenge, he is in fact challenging the application of the ACCA statutory sentencing enhancement under 18 U.S.C. § 924(e). Thus, his argument is more accurately characterized as a challenge to his status as an armed career criminal under 18 U.S.C. § 924(e).

argued that because "'there is no evidence whatsoever that [he] actually used a firearm in connection with a drug offense" and he was never indicted for a controlled substance offense during this matter, these sections of the Guidelines do not apply to him.[4]  The Sixth Circuit, however, rejected these arguments and affirmed Pratt's conviction and sentence. *Pratt,* 704 F. App'x at 428-29; (R. 55 at 13-15).

In his § 2255 Motion, Pratt has made this same argument that he was not indicted for nor convicted of drug trafficking in conjunction with this firearms offense.  However, this ground was raised on direct appeal, and the Sixth Circuit held this claim was without merit.  *Pratt,* 704 F. App'x at 429; (R. 55 at 14-15).  A § 2255 motion may not be used to relitigate an issue that has already been raised and considered on direct appeal absent highly exceptional circumstances, such as intervening change in law.  *Wright v. United States*, 182 F.3d 458, 467 (6th Cir. 1999); *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999).  Pratt has not cited any relevant change in law, nor has he indicated any other highly exceptional circumstances as to why this Court on collateral review should entertain these contentions which were already determined by the Sixth Circuit.  Thus, review by this Court of this argument is barred.  *See Myers v. United States*, 198 F.3d 615, 619-20 (6th Cir. 1999).

### 2.    Pratt's remaining non-ineffective assistance claims lack merit.[5]

---

[4] Specifically, Pratt alleges that because he "was not convicted, or even charged with a drug trafficking offense, then that… may not be considered for purposes of sentencing …." (R. 61-1 at 7). Because information about Pratt's drug trafficking activities was used to calculate his offense level and criminal history category under the armed career criminal Sentencing Guidelines, the Defendant's argument is construed as challenging the use of §§ 4B1.4(b)(3)(A) and (c)(2) in his Sentencing Guidelines calculations.

[5] Defendant's other non-ineffective assistance of counsel claims are also arguably procedurally defaulted to the extent that Defendant failed to raise them on direct appeal. *See Bousley v. United States*, 523 U.S. 614, 621 (1998); *Phillip v. United States*, 229 F.3d 550, 552 (6th Cir. 2000) (A federal prisoner's failure to raise a claim on direct appeal, with the exception of ineffective assistance of counsel claims, results in a procedural default of that claim).  Here, however, the Government in its Response did not raise procedural default as a bar to Pratt's non-ineffective assistance of counsel claims not raised on direct appeal. (*See* R. 67).  While a court may *sua sponte* raise the issue of procedural default, *see Elzy v. United States*,

> **a.    Pratt's argument that his three qualifying serious drug offenses should be treated as one qualifying offense for ACCA statutory enhancement purposes pursuant to U.S.S.G. § 4A1.2 is without merit.**

First, Pratt alleges that three of the serious drug offense convictions used to classify him as an armed career criminal under the ACCA should have been treated as one qualifying conviction pursuant to U.S.S.G. § 4A1.2(a)(2), and, therefore, he did not have the three qualifying convictions required under 18 U.S.C. § 924(e).  (*See* R. 61-1 at 6).  It appears, however, that Pratt has confused the way in which a defendant's criminal history is calculated under the Sentencing Guidelines with the question of whether a defendant qualifies for the ACCA statutory enhancement of 18 U.S.C. § 924(e).  The ACCA provides a mandatory minimum sentence of fifteen years for a defendant convicted of violating 18 U.S.C. § 922(g) who has three prior convictions for "a violent felony or serious drug offense, or both, *committed on occasions different from one another . . . .*"  18 U.S.C. § 924(e)(1) (emphasis added).

Pratt does not challenge the recitation of facts set forth in his PSIR or prior Notice by the United States Regarding Enhanced Statutory Punishment.  (*See* R. 41; R. 13).  A review of these documents describes Pratt's prior convictions, which were identified by the Court as qualifying convictions, as follows:

1.    On March 12, 2002, [Pratt] was convicted in the Knott Circuit Court, Kentucky, in Case Number 00-CR-37 of Trafficking in a Controlled Substance First Degree, which he committed on May 21, 1999;
2.    On March 12, 2002, [Pratt] was convicted in the Knott Circuit Court, Kentucky, in Case Number 00-CR-37 of Trafficking in a Controlled Substance First Degree, which he committed on May 31, 1999;
    . . .

---

205 F.3d 882, 886 (6th Cir. 2000), the Sixth Circuit has cautioned against this practice as a matter of course.  *Howard v. Bouchard*, 405 F.3d 459, 476 (6th Cir. 2005); *see also Flood v. Phillips*, 90 F. App'x 108, 114 (6th Cir. 2004).  Therefore, this Report and Recommendation proceeds with these claims on the merits, as the merits can be addressed simply and directly based on the existing record in the case.

4.    On March 12, 2002, [Pratt] was convicted in the Knott Circuit Court, Kentucky, in Case Number 00-CR-39 of Trafficking in a Controlled Substance First Degree, which he committed on May 11, 1999;

5.    On January 27, 2014, [Pratt] was convicted in the Knott Circuit Court, Kentucky, in Case Number 13-CR-2 of Facilitation to Robbery First Degree, which he committed on December 25, 2012.

(R. 13; *see* R. 46 at 4-5).

Pratt contends that because the three drug trafficking convictions on March 12, 2002, were consolidated for sentencing purposes, they should only count as one conviction for ACCA statutory enhancement purposes pursuant to U.S.S.G. § 4A1.2(a)(2). (R. 61-1 at 6). Section § 4A1.2(a)(2) of the Guidelines does provide that

> … [p]rior sentences always are counted separate if the sentences were imposed for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense). If there is no intervening arrest, prior sentences are counted separately unless (A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day. Treat any prior sentence covered by (A) or (B) as a single sentence.

U.S.S.G. § 4A1.2(a)(2). However, Pratt's reliance on § 4A1.2(a)(2) is misplaced as this section is applicable to determine a defendant's criminal history under the Sentencing Guidelines, not whether a defendant is an armed career criminal under the statutory scheme of 18 U.S.C. § 924(e). *See United States v. Bailey*, 264 F. App'x 480, 483 (6th Cir. 2008) ("… § 4A1.1 and 4A1.2 do not purport to alter the action of the Guidelines dealing specifically with the sentencing of armed career criminals, let alone the ACCA. Indeed, such an importation would be inappropriate given the different schemes for calculating criminal history under the Guidelines and for determining armed career criminal status under the ACCA."); *see also United States v. Birdsong*, 330 F. App'x 573, 586 (6th Cir. 2009). Rather, to determine if a defendant has the requisite three prior convictions for purposes of applying 18 U.S.C. § 924(e), the Court does not look to the date of the conviction, but the date the defendant committed the offense for which he was convicted. *United States v.*

9

*Taylor*, 301 F. App'x 508, 521 (6th Cir. 2008) (citing *United States v. Roach*, 958 F.2d 679, 684 (6th Cir. 1992)). "The fact that [] offenses [are] consolidated for sentencing or for concurrent sentences is immaterial for ACCA enhancement purposes, so long as the separate offenses occurred at different times and/or places." *Id*; *see also United States v. Player*, 201 F. App'x 331, 336, n.1 (6th Cir. 2006).

The Sixth Circuit has articulated the following factors to determine whether offenses were committed on occasions different from one another and thus would be separate qualifying convictions under the ACCA statutory scheme:

> (1) it is possible to discern the point at which the first offense is completed, and the subsequent point at which the second offense begins; (2) it would have been possible for the offender to cease his criminal conduct after the first offense, and withdraw without committing the second offense; or (3) the offenses are committed in different residences or business locations.

*United States v. Paige*, 634 F.3d 871, 873 (6th Cir. 2011) (citing *United States v. Hill*, 440 F.3d 292, 297-98 (6th Cir. 2006) (internal quotations omitted); *see also United States v. Banner*, 518 F. App'x 404, 406 (6th Cir. 2013). For example, in *Banner*, the Sixth Circuit held that because the defendant's three prior serious drug offenses occurred on separate days from one another "it is clear that [the] defendant's drug offenses are separate criminal episodes under the ACCA." 518 F. App'x at 406.

The qualifying serious drug offenses at issue here in the March 12, 2002, convictions occurred on: May 11, 1999, May 21, 1999, and May 31, 1999. (R. 41 at 7-9, ¶¶ 37-39; R. 13; R. 46 at 5). Therefore, because Pratt's three prior serious drug offenses were committed on separate dates, they are considered separate convictions under the ACCA. Pratt was properly classified as an armed career criminal under 18 U.S.C. § 924(e) and thus subject to a mandatory minimum term

of imprisonment of 15 years.  And because the statutory enhancement was applicable to Pratt, he further qualified for the application of U.S.S.G. § 4B1.4 to his Sentencing Guidelines calculations.

Pratt cites to *United States v. King*, 853 F.3d 267 (6th Cir. 2017), to support his contention that his prior serious drug offenses should qualify as one conviction pursuant to § 4A1.2(a)(2). However, Pratt's reliance on *King* is misplaced.  *King* does not address whether § 4A1.2 is applicable to the ACCA statutory scheme.  Rather, *King* held that a sentencing court is limited to "evidentiary sources that contain facts necessarily found beyond a reasonable doubt by the trier of fact or necessarily admitted by the defendant," such as the indictment, to determine whether prior offenses were "committed on occasions different from one another" for ACCA purposes.  *King*, 853 F.3d at 279.  Here, Pratt does not challenge the evidence the Court relied on in imposing the statutory enhancement.  Thus, Pratt's reliance on *King* does not change his classification as an armed career criminal under 18 U.S.C. § 924(e).

> **b.    Pratt's argument that his prior serious drug offenses do not qualify as predicate offenses under the ACCA because he was sentenced to probation is without merit.**

Second, Pratt alleges that his prior serious drug offense convictions do not qualify as predicate offenses under the ACCA because he was sentenced to probation for those convictions, rather than incarceration. (R. 61-1 at 6).  Under 18 U.S.C. § 924, a serious drug offense includes "an offense under State law… for which a maximum term of imprisonment of ten years or more is *prescribed by law*…." 18 U.S.C. § 924(e)(2)(A)(ii) (emphasis added).  The Sixth Circuit has held that to determine whether a crime is punishable by the requisite term of imprisonment under the ACCA, a court does "not look to the actual sentence imposed but to the potential maximum punishment under the statute."  *United States v. Buchard*, No. 94-6153, 1995 WL 385109, at *3 (6th Cir. June 27, 1995); *see also Gazzola v. United States*, No. 4:13-cv-74, 2014 WL 2196273, at

*6, n.4 (E.D. Tenn. May 27, 2014) ("… the focus of [the ACCA] definition is on the prison sentence that *may* be under state law, 'regardless of the actual sentence imposed.'") (citing *United States v. Keith*, 638 F.3d 851, 853 (8th Cir. 2011)).

Here, Pratt's claim is of no avail.  Pratt's prior first-degree drug trafficking offenses in violation of Kentucky law "each garnered a ten-year maximum term of imprisonment at the time of conviction … [and] clearly count as serious drug offenses under the ACCA."  *Pratt*, 704 F. App'x at 428; *see also* K.R.S. §§ 218A.1412, 532.060(2)(c) (2001); (R. 55 at 13).  Thus, regardless of whether Pratt was sentenced to probation or incarceration, because each of Pratt's first-degree trafficking convictions had a potential maximum of ten years or more of imprisonment under Kentucky law at the time of conviction, they qualified as serious drug offenses under the ACCA.

> **c.    Pratt's argument that upon completion of his probation, his prior qualifying drug trafficking convictions were to be expunged and excluded for ACCA statutory enhancement purposes lacks merit.**

Pratt's final non-ineffective assistance of counsel argument contends that upon completion of his probation, his prior qualifying serious drug offense convictions were to be expunged and therefore are excluded for purposes of applying the ACCA statutory enhancement to his sentence. (R. 61-1 at 7).  Pratt relies on *Nelson v. Colorado*, 137 S. Ct. 1249 (2017) to support his claim, asserting that "[w]hen a [d]efendant's offense of conviction is removed, the Supreme Court has held that, '[O]nce those convictions were erased [for any reason], the presumption of their innocence was restored.'" (R. 61-1 at 7) (quoting *Nelson*, 137 S. Ct. at 1255).

*Nelson* is distinguishable from Pratt's case.  In *Nelson*, the Supreme Court held a state law violated due process by requiring defendants, whose convictions were actually reversed and vacated, to prove their innocence by clear and convincing evidence to obtain a refund of assessments paid to the state.  137 S. Ct. at 1255.  The Supreme Court explained, "'[a]fter a

conviction has been reversed, unless and until [the defendant] should be retried, he must be presumed innocent of that charge.'" *Id.* (quoting *Johnson v. Mississippi*, 486 U.S. 578, 585 (1988)).  Here, Pratt's prior serious drug offenses were not reversed or vacated, nor was he acquitted.  Instead, Pratt was convicted and actually sentenced to a term of probation and, upon completion of his sentence, those convictions have remained in his criminal history.  (*See* R. 41 at 8-9, ¶¶ 37-39).  Moreover, while Congress has excluded from qualification for enhancement of a sentence "[a]ny conviction which has been expunged or set aside or for which a person has been pardoned or has had civil rights restored . . ." 18 U.S.C. § 921(a)(20), in this case there is no indication in the record that Pratt's prior qualifying convictions have been expunged, or otherwise determined to be set aside or invalid, nor has Pratt offered any such evidence.  As such, Pratt's assertion that upon completion of his sentence, his convictions cannot now be used for purposes of applying the ACCA statutory enhancement to his sentence is without merit.

### B.    Ineffective assistance of counsel claims

Pratt sets forth various allegations of ineffective assistance of counsel in his § 2255 Motion. In particular, Pratt argues that his counsel was constitutionally ineffective for: 1) failing to investigate relevant evidence and the charges brought against Pratt during the pretrial phase of this matter; 2) during trial, failing to object, requesting to strike, or conferring with Pratt regarding trial strategy; refusing to allow a witness with exonerating evidence to testify at trial; and withholding a sworn affidavit from the jury which Pratt alleges would have changed the outcome of trial; and 3) failing to object to the application of the ACCA statutory enhancement at sentencing and the use of certain Sentencing Guidelines to calculate his Guidelines range.  (R. 61-1 at 3-6; *see* R. 69 at 2).

The Sixth Amendment of the United States Constitution provides that "in all criminal prosecutions, the accused shall enjoy the right to have the Assistance of Counsel for his defense." U.S. Cons. amend. VI.  "[T]he right to counsel is the right to effective assistance of counsel," however, constitutionally sufficient assistance of counsel does not have to be free from error. *McMann v. Richardson*, 397 U.S. 759, 771-74 (1970).  Rather, ineffective assistance of counsel occurs when counsel's performance falls below that of a "reasonably competent attorney."  *Id*. at 770-71.  In *Strickland v. Washington*, the United States Supreme Court held that "[t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper function of the adversarial process that the trial cannot be relied on as having produced a just result."  466 U.S. 668, 686 (1984).

The Supreme Court has established a two-prong test to determine whether a criminal defendant has been deprived of effective assistance of counsel, requiring the defendant to show (1) constitutionally deficient performance and (2) prejudice.  *Id*.  To prove constitutionally deficient performance, a defendant must prove by a preponderance of the evidence that counsel's performance fell "below an objective standard of reasonableness" as measured by "prevailing professional norms" and evaluated by "considering all of the circumstances." *Id*. at 687-88.  A defendant must point to specific errors in counsel's performance, with these allegations subjected to rigorous scrutiny to determine "whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance."  *Id*. at 690.  However, a deferential standard of judicial scrutiny will be applied, in which there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  *Id*. at 689.  "A fair assessment of attorney performance requires that every effort be

14

made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id*.

To prove the second prong of the *Strickland* test, prejudice, a defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. A defendant must satisfy both prongs of the *Strickland* test to meet his burden of establishing that his counsel's assistance was constitutionally ineffective in violation of the Sixth Amendment. *Id*. at 697. However, while a defendant must prove each prong of *Strickland*, a court may approach the analysis in any order, and an insufficient showing on either element will end the inquiry. *Id*. In other words, if a defendant cannot meet one prong of *Strickland*, the Court need not address the other. *Id*.

### 1. Counsel did not provide ineffective assistance with respect to investigating relevant evidence and the charges brought against Pratt during the pretrial phase.

Pratt contends that his counsel was constitutionally ineffective during the pretrial phase of this case for failing to investigate relevant evidence and the charges brought against Pratt. (R. 61-1 at 3-4). Specifically, Pratt alleges that if counsel had investigated the charges brought against him, he would have discovered: 1) that a confidential informant had led authorities to obtain a search warrant of Pratt's home under a false pretense of finding narcotics, yet no illegal narcotics were found (*id*. at 3; R. 69 at 3); 2) the firearms which were recovered from his residence were actually registered to Sandra Dyer (R. 61-1 at 3-4); and 3) Pratt did not have constructive possession of the firearms found (*id*. at 4).

Pratt is correct that counsel can be found to be constitutionally ineffective by failing to investigate charges brought against a defendant. Counsel owes his client "a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations

15

unnecessary." *Strickland,* 466 U.S. at 691. A defendant cannot meet his burden of pointing to performance of counsel that fell below an objective standard of reasonableness by asserting conclusory arguments. A defendant must also provide "sufficiently precise information as to the nature and probable effect that would have been obtained had counsel undertaken the desired investigation." *Crawford v. United States*, No. 04-cv-71543, 2008 WL 2948055, at *5 (E.D. Mich. July 31, 2008) (citing *United States v. Farr*, 297 F.3d 651, 659-59 (7th Cir. 2002)); *see also United States v. Brummett*, No. 6:07-cr-103, 2013 WL 5798013, at *24 (E.D. Ky. Oct. 28, 2013).

Here, the record refutes Pratt's statement that counsel failed to investigate relevant evidence and the charges brought against him. Pratt asserts that if counsel had investigated during the pretrial phase, he would have discovered that a confidential informant had led authorities to obtain a search warrant of Pratt's home under a false pretense of finding narcotics, and no illegal narcotics were found. (*Id*. at 3; R. 69 at 3). However, Defendant's argument is misplaced. As the Government correctly points out in its Response, Pratt was charged and convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), and not an additional drug trafficking offense. (R. 1; *see* R. 67 at 3). Thus, evidence of drug trafficking would not have an effect on Pratt's conviction for being a felon in possession of a firearm. Pratt's argument would be more accurately characterized as a challenge to counsel's performance during sentencing, in which evidence of drug trafficking activity was used to calculate Pratt's Sentencing Guidelines range under U.S.S.G. § 4B1.4. Section 4B1.4 in relevant part provides that "if the defendant used or possessed the firearm or ammunition in connection with … a controlled substance offense" then his criminal history category is increased to a VI, and offense level to a 34. U.S.S.G. § 4B1.4(b)(3)(A), (c)(2).

A review of the record reveals that, regardless of how the argument is characterized, counsel was aware of the argument asserted by Pratt and did not provide deficient performance. Counsel filed a motion seeking to preclude at trial "any evidence relating to alleged drug trafficking and to the basis of the search warrant obtained by officers."  Counsel argued that because the "Defendant is charged only with possession of a firearm by a convicted felon [e]vidence relating to alleged drug trafficking… is irrelevant …." (R. 23).  The Court, however, denied the motion. (R. 25; *see* R. 44 at 9-10, 14-15).  Additionally, at trial, counsel pointed out to the Court that Pratt was never charged with a drug trafficking offense during this matter.  (R. 45 at 21, 35).   Further, prior to and at sentencing, the record reflects that counsel asserted on behalf of Pratt that the firearms found were not used in connection with drug trafficking.  (R. 41 at 33; R. 35 at 2-3; R. 46 at 10-14).  But the Court subsequently found that "[a]ny reasonable person would conclude that [Pratt] was living at that location, and any reasonable person would also conclude that [Pratt] was engaging in drug trafficking activities." (R. 46 at 14-15).  Thus, the record reveals that Pratt's counsel was aware of the search warrant and drugs found at his residence, and subsequently challenged the use of that evidence throughout this matter.  That counsel lost these arguments advanced on Defendant's behalf is not evidence that counsel performed deficiently.

Additionally, Pratt challenged the admissibility and use of the drug-trafficking evidence on direct appeal, both in relation to it being offered at trial and looked to during sentencing.  *Pratt*, 704 F. App'x at 422-24, 429; (R. 55 at 2-5, 14-15). Although Pratt challenges the admissibility and use of the drug trafficking evidence "in the guise of an ineffective assistance of counsel" claim in his pending Motion, he is barred from "relitigate[ing] issues decided adversely to him on direct appeal."  *Clemons v. United States*, No. 1-496, 2005 WL 2416995, at *2 (E.D. Tenn. Sept. 30,

2005) (citing *DuPont v. United States*, 76 F.3d 108, 110 (6th Cir. 1996)).  Thus, the issue of the admissibility and use of the drug trafficking evidence has been put to rest by the Sixth Circuit.

Pratt also asserts that had counsel investigated relevant evidence in the case, he would have discovered that the firearms in issue were actually registered to Sandra Dyer.  (R. 61-1 at 3-4).  To support his conclusion, Pratt alleges that Ms. Dyer admitted she was the registered owner of the firearms in "a written affidavit."  (R. 61-1 at 3).  However, Pratt's argument is factually incorrect. The "written affidavit" Pratt refers to is not an affidavit, but a letter sent by Ms. Dyer seeking to claim possession of the firearms obtained through the search warrant after an administrative forfeiture proceeding had taken place.  (R. 51; *see* R. 54).  Regardless of this fact, the letter is of no relevance to Pratt's claim as a review of the trial transcript confirms counsel called Ms. Dyer as a witness during trial and questioned her about the ownership of the firearms at issue.  (R. 45 at 81-83, 86, 88-89).  Additionally, counsel questioned another witness regarding ownership of the firearms.  (R. 44 at 105).  Therefore, the record demonstrates that Pratt's counsel did, in fact, investigate relevant evidence as to who had possession or ownership of the firearms, and presented this evidence to the jury through oral testimony.  The fact that the jury simply rejected this evidence does not demonstrate counsel's performance fell below a reasonable professional standard.

Finally, Pratt asserts that had counsel investigated the charges brought against him, he would have discovered that Pratt did not have constructive possession of the firearms found.  (R. 61-1 at 4).  Specifically, Pratt seems to assert that in order to show he had constructive possession, the Government would need to prove that the Defendant had the combination to the safe in which the firearms were locked.  (*Id*.).  Although Defendant asserts this claim under the caption of ineffective assistance of counsel, he fails to provide additional facts or information that he alleges counsel should have discovered during an investigation which were not presented during trial.

18

*United States v. Hassan,* Nos. 12-cr-20523, 14-cv-11592, 2014 WL 5361942, at *5 (E.D. Mich. Oct. 21, 2014) ("[a] defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome") (quoting *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989)).  At trial, the record establishes that counsel did, in fact, argue that Pratt did not have constructive possession of the firearms in question to support a conviction under 18 U.S.C. § 922(g)(1). (R. 45 at 57). Additionally, counsel did advance Pratt's assertion that he would need to have the combination to the safe in which the firearms were locked in to prove constructive possession during trial.  (R. 45 at 84-86; R. 50 at 33-34).  Because the record reveals that counsel did in fact assert Pratt's exact argument, he is unable to meet his burden of showing that counsel's performance was constitutionally deficient.

Moreover, on direct appeal, Pratt alleged there was a lack of sufficient evidence to support the finding that he had actual or constructive possession of the firearms.  As noted above, Pratt may not reallege what has already been litigated on direct appeal under "the guise of an ineffective assistance of counsel" claim.  *Clemons*, 2005 WL 2416995, at *2.  Thus, Pratt may not reassert his claim challenging the finding of constructive possession in his § 2255 Motion.

The Defendant has failed to meet his burden to prove that counsel's performance fell below an objective standard of reasonableness.  Therefore, Pratt has not met his burden under *Strickland* in regard to his claim that counsel failed to investigate.

### 2. Counsel did not provide ineffective assistance during trial.

Pratt asserts that counsel provided ineffective assistance during trial for failing to object, requesting to strike, or conferring with Pratt regarding trial strategy.  (R. 61-1 at 4).  "A motion under § 2255 must consist of something more than legal conclusions and unsupported factual

allegations." *Brummett*, 2013 WL 5798013, at *24.  Here, the Defendant has made only conclusory statements that counsel was ineffective.  Pratt asserts that counsel was ineffective for failing to object.  However, Pratt does not state what counsel should have objected to.  (R. 61-1 at 4).  Additionally, the record reflects that counsel made several objections during trial. (R. 44 at 121; R. 45 at 7, 47, 48, 49).  Pratt further alleges that counsel was ineffective for failing to request to strike evidence, but does not indicate what evidence should have been stricken.  (R. 61-1 at 4).  Moreover, Pratt claims that counsel failed to confer with him regarding trial strategy, but fails to identify what specific strategy counsel failed to confer about with Pratt.  (*Id.*).  Because Pratt has made only conclusory statements regarding counsel's performance, he has failed to establish that his counsel was ineffective in this regard.

Additionally, Pratt contends that counsel provided ineffective assistance during trial by refusing to allow a witness with exonerating evidence to testify at trial, and by withholding a sworn affidavit from the jury which would have changed the outcome of trial.  (*Id*. at 5).  "When a defendant claims that his attorney failed to call a witness at trial, he must '[a]t the very least … submit sworn affidavits from each of the individuals he has identified as uncalled witnesses stating whether they were in fact available to appear at trial and able to give testimony favorable to [the] defense." *United States v. Tilghman*, No. 07-cr-138-KSF, 2013 WL 4735578, at *10 (E.D. Ky. Sept. 3, 2013) (quoting *Talley v. United States*, No. 1:00-cv-74, 2006 WL 3422997, at *10 (E.D. Tenn. Nov. 27, 2006)).  Here, Pratt does not identify the witness counsel allegedly refused to allow testify, nor does he provide any evidence, in the form of an affidavit or otherwise, to support his contention that such a witness had exonerating evidence and would have been willing to testify. (R. 61; R. 69).  Further, Pratt fails to identify any sworn affidavit that was withheld from the jury. (R. 61-1 at 5).  As such, he has not demonstrated that counsel rendered deficient performance at

trial.  Moreover, Pratt has not established that these alleged failures of counsel would have altered the result of the trial.  Thus, Pratt has not established either prong of the *Strickland* test on this issue.

### 3.    Counsel did not provide ineffective assistance with respect to allegedly failing to object to the application of the ACCA statutory enhancement at sentencing or the use of certain Sentencing Guidelines to calculate his Guidelines range.

Pratt, possibly recognizing that he cannot bring his challenge to the ACCA statutory enhancement directly under a § 2255 motion as it has already been decided on direct appeal, also contends that his counsel was ineffective for failing to object to the statutory enhancement at his sentencing.  (*Id*.).  But Pratt's counsel did not provide constitutionally deficient performance in failing to argue against statutory enhancement at sentencing because, as discussed above and found by the Sixth Circuit on direct appeal, the statutory enhancement was correctly applied to him.  *See Pratt*, 704 F. App'x at 428; (*See* R. 55 at 12-13).  Accordingly, because Pratt was correctly classified as an armed career criminal under 18 U.S.C. § 924(e), his attorney was not ineffective for failing to object.  *See Vititoe v. United States*, Nos. 3:08-cr-94, 3:10-cv-379, 2013 WL 4757424, at *4 (E.D. Tenn. Sept. 4, 2013).  Moreover, Pratt was not prejudiced by counsel's failure to object to the enhancement as Pratt has not shown that but for counsel's failure to object, "the result of the proceeding would have been different." *See Strickland*, 466 U.S. at 694.  Thus, this claim of ineffective assistance of counsel fails.

Additionally, Pratt challenges counsel's alleged failure to object to "the erroneous application of [the] United States Sentencing Guidelines . . . ." (R. 69 at 2). Defendant's argument can be construed as challenging counsel's alleged failure to contest the use of U.S.S.G. § 4B1.4 to calculate his Sentencing Guidelines range, which increased Pratt's offense level to 34 and criminal history category to VI.  (*See* R. 61-1 at 2, 5; R. 69 at 2). U.S.S.G. § 4B1.4(b)(3)(A), (c)(2).

However, this argument fails.  As discussed above, Pratt raised a challenge to his Sentencing Guidelines calculations on direct appeal, in which the Sixth Circuit affirmed the district court's calculations, and, thus, he cannot relitigate the same issue in the guise of an ineffective assistance of counsel claim.  *See Pratt*, 704 F. App'x at 429; (*See* R. 55 at 14-15).  Further, the record reveals that counsel did try to argue against the use of U.S.S.G. § 4B1.4(b)(3)(A) and (c)(2) to calculate his Guidelines range during the sentencing phase of this matter. (R. 35; R. 41 at 33; *see also* R. 46 at 9-14, 17 (wherein counsel argued against the use of U.S.S.G. § 2K2.1(b)(6)(B), having possession of firearms in connection with another felony offense, this same argument being applicable to his challenge to use of U.S.S.G. § 4B1.4(b)(3)(A) and (c)(2) (R. 35; R. 41 at 33))).  Thus, Pratt has not established his counsel provided constitutionally deficient performance for failing to argue against the Sentencing Guidelines calculations and this claim of ineffective assistance of counsel also fails.

## III.    CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Federal Rules Governing Section 2255 Proceedings, the district court must issue or deny a certificate of appealability (COA) when it enters a final order adverse to the applicant.  A certificate may issue only if a defendant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).  The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (addressing issuance of a certificate of appealability in the context of a habeas petition filed under 28 U.S.C. § 2254, which legal reasoning applies with equal force to motions to vacate brought pursuant to 28 U.S.C. § 2255).   In cases where a district court has rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable

or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists would not debate the denial of Pratt's § 2255 Motion or conclude that the issues presented are adequate to deserve encouragement to proceed further. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it is recommended that a certificate of appealability be **denied** upon entry of the final order in this matter.

## IV.    CONCLUSION AND RECOMMENDATION

For the reasons stated above, **IT IS RECOMMENDED** that:

1)    Defendant Pratt's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (R. 61) be **denied**;

2)    a Certificate of Appealability be **denied** in conjunction with the Court's entry of the final order in this matter;

3)    Judgment in favor of the United States be entered contemporaneously with entry of the final order; and,

4)    this action be stricken from the active docket of the Court.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Report and Recommendation, issued under subsection (B) of the statute. *See also* Rules Governing Section 2255 Proceedings, Rule 8(b). Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file specific

written objections to any or all findings or recommendations for determination, *de novo*, by the District Court.  Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947, 950 (6th Cir. 1981).

Dated this 18th day of January, 2019.



**Signed By:**

*Candace J. Smith*

**United States Magistrate Judge**

J:\DATA\habeas petitions\2255 R&R general\15-10-DCR Pratt R&R final.docx