UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at Pikeville)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Criminal Action No. 7:15-010-DCR |
| Plaintiff/Respondent, ) | and |
| ) | Civil Action No. 7:18-100-DCR |
| V. ) | |
| ROY DEAN PRATT, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendant/Movant. ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Defendant Roy Dean Pratt was convicted at trial of possessing firearms after having been previously convicted of a felony offense. [Record No. 32] He was later sentenced to a 320-month term of imprisonment, followed by a three-year term of supervised release. [Record No. 46] The United States Court of Appeals for the Sixth Circuit affirmed the conviction and sentence. *United States v. Pratt*, 704 F. App'x 420 (6th Cir. 2017); [Record No. 56]. The matter is now pending for consideration of Pratt's *pro se* motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. [Record No. 61]

Pratt's § 2255 motion was referred to a United States Magistrate Judge for review and issuance of a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). On January 18, 2019, United States Magistrate Judge Candace J. Smith recommended that Pratt's § 2255 motion be denied. [Record No. 70]

Although this Court must make a *de novo* determination of those portions of the Magistrate Judge's recommendations to which objections are made, 28 U.S.C. § 636(b)(1)(C), "[i]t does not appear that Congress intended to require district court review of a magistrate's

factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, a party who fails to file timely objections to a magistrate's recommendation generally waives his right to appeal. *Id*. at 153-54. No timely objections to the Report and Recommendation were filed. Nevertheless, the Court has examined the record, and following *de novo* review, agrees with the Magistrate Judge's analysis.

I.

Pratt essentially makes two arguments [Record 61-1] First, he claims that the Court applied the improper guideline under the Armed Career Criminal Act ("ACCA"). [*Id*.] Next, he contends that his counsel was constitutionally ineffective. [*Id*.] Both arguments fail.

**A. Pratt's Challenge to the Court's Application of ACCA**

Pratt contends that three of the convictions used to qualify him for sentencing under the ACCA should have been treated as one conviction pursuant to U.S.S.G. § 4A1.2(a)(2). As a result, he argues that he did not have the necessary three convictions required to enhance his sentence. Regarding this contention, it is important to note that Pratt raised this issue on appeal with the Sixth Circuit. He asserted that the three prior drug convictions no longer qualified as predicate offences under the ACCA because the statute under which he was convicted was revised after his convictions. However, the Sixth Circuit rejected this argument, affirming the conviction and sentence. *Pratt*, 704 F. App'x at 428-29; [Record No. 55, pp. 13-15]

Because Pratt raised this issue on direct appeal before the Sixth Circuit, he may not relitigate it here. *See Wright v. United States*, 182 F.3d 458, 467 (6th Cir. 1999); *see also Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999) (a § 2255 motion may not be used to relitigate an issue that has already been raised and considered on appeal absent highly

exceptional circumstances, such as an intervening change in law). And Pratt has not referenced any highly exceptional circumstances, so review of this argument is barred. *Myers v. United States*, 198 F.3d 615, 619-20 (6th Cir. 1999).

But Pratt's argument also would fail on the merits because the ACCA provides a mandatory minimum sentence of fifteen years for defendants convicted of violating 18 U.S.C. § 922(g) who have three prior convictions for "a violent felony or serious drug offense, or both, committed on occasions different from one another…" 18 U.S.C. § 924(e)(1). To determine whether a defendant has three prior convictions necessary to apply 18 U.S.C. § 924(e), Courts looks to the date the defendant committed the offense. *United States v. Taylor*, 301 F. App'x 508, 520 (6th Cir. 2008) (citing *United States v. Roach*, 958 F.2d 679, 683 (6th Cir. 1992)). "The fact that [] offenses [are] consolidated for sentencing or for concurrent sentences is immaterial for ACCA enhancement purposes, so long as the separate offenses occurred at different times and/or places." *Taylor*, 301 F. App'x at 520; *see also United States v. Player*, 201 F. App'x 331, 336, n.1 (6th Cir. 2006). Because Pratt committed three drug offenses on three different occasions,[1] application of the mandatory minimum of fifteen years imprisonment was appropriate.

Pratt also argues that his previous serious drug convictions do not qualify as predicate offenses under the ACCA because he was sentenced to probation rather than incarceration. [Record No. 31-1, p. 6] However, a serious drug offense under 18 U.S.C. § 924 is "an offense under State law … for which a maximum term of imprisonment of ten years or more is prescribed by law…" 18 U.S.C. § 924(e)(2)(A)(ii). To determine whether a crime qualifies

---

[1] Pratt's prior convictions occurred on: May 11, 1999; May 21, 1999; and May 31, 1999. They are considered separate convictions under the ACCA.

under the ACCA, a court does "not look to the actual sentence imposed but to the potential maximum punishment under the statute." *United States v. Buchard*, No. 94-6153, 1995 WL 385109, at *3 (6th Cir. 1995). Pratt's first-degree drug trafficking offenses "each garnered a ten-year maximum term of imprisonment at the time of conviction… [and] clearly count as serious drug offenses under the ACCA." *Pratt*, 704 F. App'x at 428; *see also* K.R.S. §§ 218A.1412, 532.060(2)(c) (2001); [Record No. 55, p. 13].

Finally, Pratt argues that his prior qualifying serious drug offenses were expunged and should be excluded for purposes of applying the ACCA statutory enhancement to his sentence. Pratt relies on *Nelson v. Colorado*, 137 S.Ct. 1249 (2017), stating that, "[w]hen a [d]efendant's offense of conviction is removed, the Supreme Court has held that, 'once those convictions were erased [for any reason], the presumption of their innocence was restored.'" [Record No. 61-1, p. 7] (citing *Nelson*, 137 S. Ct. at 1255). However, *Nelson* is distinguishable from Pratt's case. *Nelson* addressed defendants whose convictions were reversed and vacated. Pratt's serious drug offenses were not reversed or vacated, and he was not acquitted. Instead, he was convicted and sentenced and upon completion of his sentence, the convictions have remained part of his criminal history. [Record No. 41, pp. 8-9] Additionally, Pratt has provided no evidence that his prior qualifying convictions have been expunged or otherwise set aside. Therefore, application of the ACCA statutory enhancement was appropriate.

**B. Claims of Ineffective Assistance of Counsel**

Pratt asserts that his counsel was constitutionally ineffective for: (1) failing to investigate relevant evidence and the charges brought against him during the pretrial phase of this matter; (2) failing to object, failing to request to strike, and failing to confer with Pratt regarding strategy during trial; and (3) failing to object to the application of the ACCA

statutory enhancement at sentencing and the use of certain Sentencing Guidelines to calculate his guidelines range. Pratt must show two elements to succeed on ineffective assistance of counsel claims. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). First, he must establish that counsel's performance was deficient which "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. Second, Pratt must show that his counsel's deficient performance prejudiced him. *Id*. To demonstrate that counsel's deficient performance prejudiced him, Pratt must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. Further, "[t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id*. at 686.

1. **Counsel's Alleged Failure to Investigate**

Pratt contends that his attorney was ineffective because he failed to investigate relevant evidence and charges during the pretrial phase of the case. Pratt asserts that, if counsel had investigated the evidence and charges, he would have discovered: 1) that the search warrant was obtained under false pretenses of finding narcotics and no illegal narcotics were found; 2) the firearms found in the home were registered to Sandra Dyer; and 3) Pratt did not have constructive possession of the firearms. [Record No. 61-1] However, "[a] defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome." *United States v. Hassan*, Nos. 12-cr-20523, 14-cv-11592, 2014 WL 5361942, at *5 (E.D. Mich. Oct. 21, 2014) (quoting *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989)).

As noted, Pratt argues that if counsel had investigated the relevant evidence and charges, counsel would have discovered that the search warrant was conducted under false pretenses because no drugs were found at the home. This argument fails because Pratt was charged and convicted of being a felon in possession of a firearm and his indictment did not include drug offenses. [Record Nos. 1, 67] Further, counsel filed a motion seeking to preclude "any evidence relating to alleged drug trafficking and to the basis of the search warrant obtained by the officers." [Record No. 23] But the Court denied counsel's motion. [Record No. 25] Additionally, counsel pointed out at trial that Pratt was never charged with a drug trafficking offense in this matter. [Record No. 45, pp. 21, 35] Thus, the record establishes that counsel did investigate the relevant evidence and charges against Pratt, and Pratt has not established that counsel's performance was deficient in any respect on this point.

Pratt next asserts that, if counsel had investigated relevant evidence, he would have discovered that the firearms were registered to Sandra Dyer. [Record No. 61-1, pp. 3-4] Pratt's attorney called Dyer as a witness during trial and questioned her about ownership of the firearms. [Record No. 45, pp. 81-83, 86, 88-89] And counsel also questioned another witness regarding the ownership issue. [Record No. 44, p. 105] Thus, the record establishes that counsel not only investigated the relevant evidence regarding ownership, he presented proof of his position and argued that position to the jury. Pratt has not established that his attorney's performance was deficient regarding investigation or ownership of the subject weapons.

Pratt also contends that if his attorney had investigated the charges brought against him, he would have discovered that Pratt did not have constructive possession of the firearms. [Record No. 61-1, p. 4] Essentially, he asserts that, to show he had constructive possession of the firearms, the government would need to prove that he had the combination to the safe

where the firearms were located. [*Id.*] But Pratt fails to provide additional facts or information that he alleges counsel should have discovered that was not presented during trial. *Hassan*, 2014 WL 5361942, at *5. Additionally, the record demonstrates that counsel *did* argue that Pratt *did not* have constructive possession of the firearms in issue to support a conviction under 18 U.S.C. § 922(g)(1). [Record No. 45, p. 57] Because his attorney raised this issue at trial, Pratt has failed to establish counsel was ineffective.

Finally, Pratt does not present any basis for concluding that the alleged failures by his trial attorney altered the outcome of the case. Accordingly, he has not established either prong of the *Strickland* test.

### 2. The Alleged Ineffective Assistance at Trial

Next, Pratt contends that his trial counsel provided ineffective assistance by failing to object, failing to request to strike, and by failing to confer with Pratt regarding trial strategy. [Record No. 61-1, p. 44] Analysis on this assertion begins with the point that "[a] motion under § 2255 must consist of something more than legal conclusions and unsupported factual allegations." *United States v. Brummett*, No. 6:07-103-DCR, No. 6:12-7200-DCR, 2013 WL 5798013, at *24 (E.D. Ky. Oct 28, 2013). Here, Pratt has only made conclusory statements that his counsel was ineffective. For example, while he asserts that counsel failed to object, he does not identify areas where objections should have been made. [Record No. 61-1] The Court notes, however, that Pratt's attorney did not act as a potted plant during trial but made several objections. [Record No. 44, p. 121; Record No. 45, pp. 7, 47-49] And while Pratt contends that counsel was ineffective for failing to request to strike evidence and failing to confer with him, he Pratt does not state what evidence should have been stricken or what strategy counsel failed to discuss. [Record No. 61-1, p. 4]

Pratt also asserts that counsel was ineffective during trial by failing to call a witness with exonerating evidence to testify. Additionally, Pratt contends that counsel withheld a sworn affidavit from the jury which would have changed the outcome of the case. [Record No. 61-1, p. 5] "When a defendant claims that his attorney failed to call a witness at trial, he must '[a]t the very least… submit sworn affidavits from each of the individuals he has identified as uncalled witnesses stating whether they were in fact available to appear at trial and able to give testimony favorable to [the] defense." *United States v. Tilghman*, No. 07-cr-138-KSF, 2013 WL 4735578 at *10 (E.D. Ky. Sept. 3, 2013) (quoting *Talley v. United States*, No. 1:00-cv-74, 2006 WL 3422997, at *10 (E.D. Tenn. Nov. 27, 2006)). Pratt fails to identify the witness counsel allegedly refused to call. Likewise, he does not provide any evidence or affidavit to support the allegation that the witness had exonerating evidence and was willing to testify. [Record Nos. 61, 69] And Pratt fails to identify any sworn affidavit that was withheld from the jury during trial. [Record Nos. 61, 69] Moreover, Pratt fails to show how the alleged failures by counsel altered the result in light of the substantial volume of evidence presented against him. Thus, Pratt has not established either prong of the *Strickland* test regarding the alleged ineffective assistance of counsel during trial.

### 3. The Alleged Ineffective Assistance During the Sentencing Hearing

Pratt claims that his counsel was ineffective during the sentencing hearing by failing to object to the statutory enhancement. [Record No. 61-1] However, Pratt was properly classified as an armed career criminal and his attorney was not ineffective for failing to object. *See Vititoe v. United States*, Nos. 3:08-cr-94, 3:10-cv-379, 2013 WL 4757424, at *4 (E.D. Tenn. Sept. 4, 2013). Further, Pratt was not prejudiced by counsel's failure to object because he has

not shown that, but for the failure, "the result of the proceeding would have been different." *See Strickland*, 466 U.S. at 694.

Finally, Pratt alleges that counsel failed to object to "the erroneous application of [the] United States Sentencing Guidelines …" [Record No 69, p. 2] Again, however, the Court notes that because Pratt litigated this issue on direct appeal with the Sixth Circuit, he cannot raise the same issue under the guise of an ineffective assistance of counsel claim. *See Pratt*, 704 F. App'x at 429; [Record No. 55, pp. 14-15] Moreover, the record reveals that counsel attempted to argue against the use of certain sentencing guidelines to calculate his range of imprisonment during the sentencing phase of this matter. Because counsel did argue against certain guidelines, Pratt has not shown how this alleged failure prejudiced him. Accordingly, Pratt has failed to establish that counsel was ineffective during the sentencing hearing.

## II.

A Certificate of Appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S. 322, 349 (2003) (quoting 28 U.S.C. § 2253(c)(2)) (internal quotation marks omitted). When the denial of a § 2255 motion is based on the merits, the defendant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). With respect to Pratt's ineffective assistance claims, the record demonstrates that his trial counsel's performance was adequate, and he cannot establish that he was prejudiced by any of the alleged deficiencies. The undersigned agrees with the Magistrate Judge that no reasonable

jurist would find the substantive conclusions on these claims debatable or wrong. *See Slack*, 529 U.S. at 484.

When the denial of a § 2255 motion is based on procedural grounds, a Certificate of Appealability will not issue unless "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [] jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Here, the Magistrate Judge correctly concluded that the claims that Pratt raised on direct appeal are procedurally barred. Jurists of reason would not find such a conclusion debatable. As a result, the Pratt is not entitled to a Certificate of Appealability on any issue raised in this proceeding.

### III.

For the reasons set out above, it is hereby

**ORDERED** as follows:

1. The United States Magistrate Judge's Report and Recommendation [Record No. 70] is **ADOPTED** and **INCORPORATED** by reference.

2. Pratt's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Record No. 61] is **DENIED** and his claims are **DISMISSED**, with prejudice.

3. This proceeding is **DISMISSED** and **STRICKEN** from the Court's docket.

Dated: March 4, 2019.



Signed By:
*Danny C. Reeves*
United States District Judge