UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at Pikeville)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 7: 15-010-DCR-1 |
| | ) | |
| V. | ) | |
| | ) | |
| ROY DEAN PRATT, | ) | **MEMORANDUM ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Defendant Roy Dean Pratt has filed a *pro se* motion seeking appointment of counsel.[1] [Record No. 94] He believes that counsel is necessary in light of a new Supreme Court ruling that "may apply" to his case, although he does not identify the specific assistance being sought. [*Id.*] Generally, defendants do not have the right to appointed counsel in post-conviction proceedings, including motions brought under 18 U.S.C. § 3582(c) or 28 U.S.C. § 2255. *See United States v. Johnson*, Nos. 15-6413/16-5346, 2016 WL 10704239, at \*3 (6th Cir. Nov. 21, 2016) (collecting cases); *United States v. Bruner*, 2017 WL 1060434, at \*2 (E.D. Ky. Mar. 21, 2017). Instead, the Court appoints counsel only when the interests of justice require. *See Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986).

"Appointment of counsel is discretionary, and it is only warranted where a defendant makes a showing that it would be necessary." *United States v. Pierce*, No. 5: 14-056-DCR, 2021 WL 4189614, at \*5 (E.D. Ky. Sept. 14, 2021). In deciding whether to appoint counsel,

---

[1] While Pratt asserts that his letter is "not a motion," the Court construes it as one regardless. [Record No. 94]

courts consider multiple factors including the difficulty of the case, the movant's ability to present the issues, and whether the movant would have a reasonable chance of success if represented by a lawyer. *See, e.g., Taylor v. Knight*, 223 F. App'x 503, 504 (7th Cir. May 3, 2007) (unpublished). Here, Pratt has not shown that the appointment of counsel is necessary. He has previously filed pleadings under both 18 U.S.C. § 3582 and 28 U.S.C. § 2255 and appears to understand the rules governing both types of motions. Further, he has shown that he is able to competently articulate arguments in favor of his positions.

Being sufficiently advised, it is hereby

**ORDERED** as follows:

1. Defendant's construed motion seeking appointment of counsel [Record No. 94] is **DENIED.**

Dated: March 14, 2022.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky