UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at Pikeville)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 7: 15-010-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| ROY DEAN PRATT, | ) | **MEMORANDUM ORDER** |
| | ) | |
| Defendant. | ) | |

*** *** *** ***

Defendant Roy Pratt has filed a third *pro se* motion for compassionate release citing deteriorating physical health. [Record Nos. 87; 107; 122] But again, Pratt has failed to show that there are extraordinary and compelling reasons for a sentence reduction. Further, the relevant factors of 18 U.S.C. § 3553(a) do not support reducing his sentence.

Pratt was convicted by a jury in December 2015 for being a felon in possession of firearms in violation of 18 U.S.C. § 922(g)(1). [Record No. 28] He was sentenced to a 320-month term of imprisonment which will be followed by three years of supervised release. [Record No. 46] His sentence was affirmed on appeal and later attempts to collaterally attack his sentence were unsuccessful. [*See* Record Nos. 55 and 77.]

Pratt filed his first two motions for compassionate release in October 2021 and May 2024 citing health concerns. [Record Nos. 87 and 107] Those motions were denied because Pratt failed to show extraordinary and compelling circumstances supporting a sentence reduction. Further, the 18 U.S.C. § 3553(a) factors did not warrant granting relief. Specifically, the seriousness of Pratt's offense of conviction coupled with his history of drug trafficking and

violent crimes (exhibiting profound disrespect for the law and a general pattern of lawlessness) supported the 320-month sentence imposed. [Record Nos. 88 and 112] Pratt appealed both of those denials but the Sixth Circuit affirmed each one. [Record Nos. 89; 96; 113; 119]

Ordinarily, a district court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). It, however, may reduce a defendant's sentence if: (1) it finds that "extraordinary and compelling reasons" warrant a reduction, (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission," and (3) the 18 U.S.C. § 3553(a) factors, to the extent they apply, support a reduction. *United States v. Washington*, 122 F.4th 264, 266 (6th Cir. 2024) (quoting *United States v. McCall*, 56 F.4th 1048, 1054 (6th Cir. 2022) (en banc) (quoting 18 U.S.C. § 3582(c)(1)(A))).

The Sentencing Commission amended § 1B1.13, effective November 1, 2023, and identified what may constitute "extraordinary and compelling reasons" for a sentence reduction. For example, a district court may consider the defendant's medical circumstances and age. *Washington*, 122 F.4th at 266–67 (citing U.S.S.G. Suppl. to App. C, amend. 814; U.S.S.G. § 1B1.13(b) (U.S. Sent'g Comm'n 2023)).

Pratt's third motion for compassionate release is much like the others. Again, he claims that his medical conditions (*i.e.*, status post artery bypass, type-2 diabetes, depression, and hypomagnesemia) together with his age (59 years) "can sooner than later kill" him. [Record No. 122 at 2] But this time, he suggests that *United States v. Smith*, 997 F.3d 215 (5th Cir. 2021), demonstrates that he is actually innocent of his crime of conviction. [Record No. 122 at 2] There, the Fifth Circuit reversed the district court's acceptance of the defendant's plea wherein he merely agreed that he touched the firearm because it was insufficient to show possession for 18 U.S.C. § 922(g)(1). *Id.* at 218. Finally, Pratt argues that his prior offenses

- 2 -

no longer count as predicate offenses under the Armed Criminal Career Act, which creates a sentencing disparity. [Record No. 122 at 4]

Pratt argument fails to the extent that he contends that the changes in how predicate offenses are considered and the Fifth Circuit's decision in *Smith* are intervening changes in the law that "would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time" of his motion. U.S.S.G 1B1.13(b)(6). Recently, Section 1B1.13(b)(6) was deemed invalid by the United States Court of Appeals for the Sixth Circuit because the Sentencing Commission exceeded its authority with that amendment. *United States v. Bricker, United States v. McHenry, and United States v. Orta*, 135 F.4th 427, 450 (6th Cir. 2025).

Alternatively, Pratt makes a sufficiency of the evidence argument concerning the firearm charge which was already considered and denied by the Sixth Circuit on Pratt's direct appeal. *United States v. Pratt*, 704 Fed. Appx. 420, 425 (6th Cir. 2017). Regarding the Armed Criminal Career Act enhancement he received, the Sixth Circuit determined that "Pratt's classification as an armed career criminal under the ACCA was proper." *Id.* at 428.

Pratt provided medical documents in his previous motion that noted the presence of an aortocoronary bypass graft and coronary angioplasty implant and graft in July 2020. [Record No. 107-4 at 7] This appears to be the same artery bypass that Pratt refers to in his third motion. [*See* Record No. 122 at 1–2.] However, the undersigned acknowledges that Pratt presently claims that this and other past health conditions continue to negatively impact his life. *Id.* at 3.

The United States tendered a response opposing compassionate release.[1] [Record No. 124]  It argues that the "new procedure / surgical problem on 09/03/2021," that Pratt references occurred before his first motion which was filed on October 18, 2021.  *Id* at 7.  It further notes that the Court already considered his medical infirmities in denying his prior motions and in imposing his sentence.  *Id* at 5–7.  And in any event, Pratt has not shown that the BOP is unable to adequately manage his health conditions.  *Id* at 6.

By all accounts, there is no indication that Pratt is suffering from a terminal illness, the BOP is unable to or unwilling to provide for his medical needs, or he has a condition that substantially diminishes his ability to provide self-care within the correctional environment.  *See* U.S.S.G. § 1B1.13(b)(1)(A)-(C).  His health concerns are attendant to the natural aging process and are neither extraordinary nor compelling.

To avoid repetition, the Court simply adopts its previous findings regarding the factors outlined in 18 U.S.C. § 3553(a) and their relationship to Pratt.  [Record Nos. 88 at 5–7 and 112 at 6–7]  In short, the sentence imposed remains appropriate, particularly considering Pratt's serious criminal history which includes threatening a law enforcement officer, kicked anther, beating the windows of a police vehicle, and firing gunshots at two deputies while attempting to evade arrest.  As the Court previously noted, the factors under § 3553(a) do not weigh in favor of granting a sentence reduction.  Therefore, based on the foregoing, it is hereby

**ORDERED** that the defendant's third motion for compassionate release [Record No. 122] is **DENIED**.

---

[1] Pratt was provided until September 2, 2025, to tender a reply but has failed to do so. [Record No. 123]

Dated: September 10, 2025.

Danny C. Reeves, District Judge
United States District Court
Eastern District of Kentucky