UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at PIKEVILLE)

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ROY DEAN PRATT, )<br>)<br>Defendant. ) | Criminal No. 7:15-10-DCR-CJS-1<br>Civil No. 7:25-79-DCR-CJS<br><br><br><br>**REPORT AND RECOMMENDATION** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on Defendant Roy Dean Pratt's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2255. (R. 126). According to local practice, this matter has been referred to the undersigned for preliminary review under Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, and for preparation of a report and recommendation under 28 U.S.C. § 636(b). Examination of Pratt's filing reveals that it is a "second or successive" § 2255 Motion under 28 U.S.C. § 2255(h). Accordingly, it will be recommended that Pratt's filing **be transferred** to the United States Court of Appeals for the Sixth Circuit under 28 U.S.C. § 1631. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (per curiam) (holding that a district court should transfer to the Sixth Circuit a second or successive § 2255 motion filed directly with a district court).

**I.    BACKGROUND**

The Sixth Circuit has broadly summarized the procedural posture of this criminal action as follows:

> In 2015, a jury convicted Pratt of being a felon in possession of a firearm. Based on three prior controlled-substance convictions and one violent felony conviction, he was sentenced as an armed career criminal to 320 months in prison. [The Sixth

> Circuit] affirmed the conviction and sentence on direct appeal. *United States v. Pratt*, 704 F. App'x 420, 429 (6th Cir. 2017).
>
> In 2019, Pratt filed a § 2255 motion, claiming that the district court applied an improper Guideline and that he received ineffective assistance of counsel. *United States v. Pratt*, No. CR 7:15-010-DCR, 2019 WL 1040024 (E.D. Ky. Mar. 5, 2019). The district court denied the motion. *Id.* And [the Sixth Circuit] denied a certificate of appealability. *Pratt v. United States*, No. 19-5253, 2019 WL 4415139 (6th Cir. June 20, 2019). In 2023, Pratt filed a "motion to reopen" in the district court. The district court concluded that the "motion" was a successive § 2255 motion and transferred it to [the Sixth Circuit].

(R. 105 at Page ID 964). In 2024, the Sixth Circuit denied Pratt's "motion to reopen," finding that he had not satisfied the requirements to grant an order authorizing this Court to consider a second or successive § 2255 motion.[1] (*See id.*).

Pratt has now filed another § 2255 Motion, titled as a "Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C."[2] (R. 126).

**II.    ANALYSIS**

As explained above, this is the third time Pratt has pursued collateral relief through the filing of a § 2255 motion. However, "a second or successive motion is only permitted if the court of appeals certifies that the defendant has presented newly discovered evidence or a new and retroactive rule of constitutional law that was previously unavailable." *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001); *see also* Rule 9 of the Rules Governing Section 2255 Proceedings for the Untied States District Courts ("Before presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion[.]").

---

[1] Pratt has also filed numerous unsuccessful motions for compassionate release. (*See, e.g.*, R. 112; R. 125).

[2] A Clerk's Notation in the record explains that Pratt's filing was received by this Court on December 3, 2025, and was filed as of November 24, 2025, which was the date it had been received by the Sixth Circuit. (*See* R. 126).

2

The docket of this matter does not indicate that Pratt has obtained an order from the Sixth Circuit authorizing this Court to consider Pratt's third § 2255 Motion. Without such an authorization from the Sixth Circuit, this Court lacks jurisdiction to consider the motion. *See Burton v. Stewart*, 549 U.S. 147, 152-53 (2007) (per curiam) (noting that district court was without jurisdiction to entertain second or successive habeas application for which petitioner did not seek, much less obtain, authorization to file from the appropriate court of appeals); *United States v. McDonald*, 326 F. App'x 880, 883-84 (6th Cir. 2009) ("As McDonald had already filed a previous § 2255 motion, the lower court did not have jurisdiction to entertain a second such motion without leave having been granted by this Court.").

Pratt argues that he "pled to conduct [which] the Supreme Court has determined to be protected by the Second Amendment" and that "[h]e is therefore actually innocent of the offense for which he pled guilty." (R. 126 at Page ID 2409). But such a claim does not permit him to bypass the requirement that he first seek authorization from the Sixth Circuit to be able to bring a second or successive motion. *See United States v. Lewis*, No. 3:08-CR-175, 2020 WL 5511312, at *2 (S.D. Ohio Sept. 14, 2020) ("If every defendant claiming to be actually innocent in a second § 2255 motion could proceed without circuit court permission, the requirement for such permission would become a dead letter, defeated by printing the talismanic words 'actually innocent' somewhere on the motion."); *see also Brenson v. Warden, Richland Corr. Inst.*, No. 2:22-CV-1416, 2022 WL 999682, at *4 (S.D. Ohio Apr. 4, 2022) ("But claims of actual innocence do not confer jurisdiction on the District Court; instead, Petitioner must present his claims to the Court of Appeals and obtain permission to proceed first.") (collecting cases). When a "second or successive" motion such as this one is filed in the district court without prior appellate

authorization, the appropriate disposition is to transfer the case to the Court of Appeals under 28 U.S.C. § 1631.  *See In re Sims*, 111 F.3d at 47.

### III.     CONCLUSION AND RECOMMENDATION

Accordingly, for the reasons stated above, **IT IS RECOMMENDED** that Pratt's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2255 (R. 126) **be transferred** to the Sixth Circuit under 28 U.S.C. § 1631, for a determination of whether he will be granted authorization to file a second or successive § 2255 motion.

Attention is directed to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Report and Recommendation, issued under subsection (B) of the statute.  *See also* Rule 8(b), Rules Governing Section 2255 Proceedings for the United States District Courts.  Specific written objections to any or all findings or recommendations must be served and filed within fourteen (14) days after being served with a copy of this Report and Recommendation for determination, *de novo*, by the District Judge.  Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Judge and Sixth Circuit Court of Appeals.  *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

Signed this 4th day of December, 2025.



Signed By:
Candace J. Smith
United States Magistrate Judge

G:\Judge-CJS\DATA\habeas petitions\successive petitions\15-10-DCR Pratt R&R successive mtn.docx